# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0030, <u>State of New Hampshire v. Derrick T. Moyer</u>, the court on June 13, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, Derrick T. Moyer, appeals his conviction in Superior Court (<u>St. Hilaire</u>, J.) on one felony count of reckless conduct with a deadly weapon. <u>See</u> RSA 631:3 (2016 & Supp. 2023). We affirm.

I.      <u>Background</u>

The trial court found, or the record supports, the following facts. On the morning of May 24, 2020, the juvenile victims were in the back yard of the house of one of the victims in Hampstead. A victim testified that as she was walking up the stairs to the house she heard "two to three shots" and then "a bullet went over [the victim's] head through the window" of the house. Upon investigation, police found a bullet resting at the bottom of the window pane, and observed that it shattered a hole in an outer pane of glass. Police determined that the bullet's trajectory was downward into the window from the direction of the defendant's property, and concluded that the bullet had traveled over the trees between the properties into the window. Police collected the bullet and brought it to the state laboratory. An individual in the area reported to police that she heard approximately ten rapid fire gunshots fired at around the same time when the bullet struck the window.

On May 27, a police officer met with the defendant at the defendant's home and advised him that the police had received several complaints the prior weekend about shots being fired. The defendant admitted he was shooting a semi-automatic rifle on the morning of May 24. The defendant told the officer that the rifle had a natural tendency to rise as he fired it. The defendant stated that he shot at a berm on his property. The berm was aligned in the same direction as the house where the bullet landed. The defendant provided police with the rifle. When the officer informed the defendant that a bullet had hit a house, the defendant apologized several times, saying he would pay for the damage and that he was "very . . . sorry for what had happened." Police arranged for the rifle to be analyzed by the state laboratory. A firearm

examiner at the laboratory concluded that the bullet was fired from the defendant's rifle.

The defendant was subsequently indicted on one count of reckless conduct with a deadly weapon. Following a bench trial, the trial court found the defendant guilty. This appeal followed.

II. Analysis

On appeal, the defendant challenges the sufficiency of the evidence, arguing: (1) that he "took comprehensive precautions to avoid risks from his recreational shooting," and, therefore, "acted lawfully, and not recklessly"; and (2) that "there is no proof" that he fired the bullet that landed in the window of the house.

A challenge to the sufficiency of the evidence raises a question of law, which we review de novo. State v. Seibel, 174 N.H. 440, 445 (2021). When considering such challenges, we objectively review the entire record to determine whether any rational trier of fact could have found guilt beyond a reasonable doubt, considering the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the State. Id. We examine each item of evidence in the context of the entire case, and not in isolation. Id. The trier of fact may draw reasonable inferences from facts proved as well as from facts found as the result of other inferences, provided they can be reasonably drawn therefrom. Id. Because the defendant chose to present a case, we review the entire trial record to determine the sufficiency of the evidence. Id. The defendant bears the burden of proving that the evidence was insufficient to prove guilt. Id.

We first determine whether the evidence was sufficient to prove that the defendant fired the shot as charged. The defendant has not met his burden of establishing that the evidence was insufficient. The defendant points to his son's testimony at trial, which indicated that neither the defendant, nor his son, fired the rifle matched to the bullet found in the window. Further, the defendant suggests that his son "had some criminal liability in the matter" as the son was granted immunity for the purposes of his testimony at trial. However, to the extent the defendant argues that either the rifle at issue was not fired at all that morning, or that his son fired the rifle, such conclusions are not reasonable in light of the other evidence. For instance, the bullet at issue was fired from the defendant's rifle. Further, the defendant admitted to police that he fired the rifle that morning, offered to pay for any damages the shooting may have caused, and denied that his son was shooting that day. Evaluating the evidence in the light most favorable to the State, we conclude that a rational trier of fact could have found that the defendant fired the shot as charged.

Next, we determine whether there was sufficient evidence to prove that the defendant acted recklessly. "A person is guilty of reckless conduct if he recklessly engages in conduct which places or may place another in danger of serious bodily injury." RSA 631:3, I. "Reckless conduct is a class B felony if the person uses a deadly weapon as defined in RSA 625:11, V." RSA 631:3, II (2016 & Supp. 2023). "'Deadly weapon' means any firearm . . . which, in the manner it is used . . . is known to be capable of producing death or serious bodily injury." RSA 625:11, V (2016). "Recklessly" is defined, in part, as follows:

> A person acts recklessly with respect to a material element of an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the circumstances known to him, its disregard constitutes a gross deviation from the conduct that a law-abiding person would observe in the situation.

RSA 626:2, II(c) (2016). Assessment of criminal recklessness — that is, whether a defendant was aware of the risk of serious bodily injury resulting from his actions, consciously disregarded the risk, and had knowledge of circumstances that made disregarding the risk a "gross deviation" from law-abiding conduct — involves comparing the defendant's conduct with that of a law-abiding person. State v. Belleville, 166 N.H. 58, 62 (2014). Whether the defendant acted recklessly does not depend upon the actual harm resulting from his conduct. Id. at 63. Nor does it depend upon whether the defendant anticipated the precise risk or injury that resulted. Id. Such an assessment may include an examination of the surrounding facts and circumstances from which such awareness may be inferred. Id.

Viewing the evidence in the light most favorable to the State, we conclude that a rational trier of fact could have found that: (1) the defendant was aware of and consciously disregarded a substantial and unjustifiable risk that his conduct of firing multiple shots in rapid succession in the direction of an adjacent neighborhood, from a semi-automatic rifle that he knew had a tendency to rise when fired, would place the victims in danger of serious bodily injury; and (2) disregarding this risk constituted a gross deviation from the conduct of a law-abiding citizen. The evidence demonstrated that the defendant had an awareness that firing a bullet into the air was reckless, as his son testified that the defendant taught him as much. Further, although the defendant told police he was not firing "indiscriminately" into the air, he admitted that his rifle would naturally rise while firing. This admission demonstrates that the defendant had a subjective awareness that firing into the air carried with it a substantial risk of injury to others. The defendant fired a semi-automatic rifle several times in rapid succession with the knowledge that the rifle would naturally rise when fired — thus he was aware of and

3

consciously disregarded the risk that a bullet would be launched over the tree line and into a residential neighborhood. This conduct amounted to a gross deviation from how a law-abiding citizen would have shot such a rifle. Accordingly, we conclude that the defendant has not met his burden of establishing the evidence was insufficient to prove he acted recklessly.

Affirmed.

MACDONALD, C.J., and BASSETT, DONOVAN, and COUNTWAY, JJ., concurred; HANTZ MARCONI, J., sat for oral argument but subsequently disqualified herself and did not participate in further review of the case.

**Timothy A. Gudas,**
**Clerk**

4